UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JAMES ORMOND                                                    CIVIL ACTION

VERSUS                                                          NO. 07-8827

JUDGE MARTHA E. SASSONE ET AL.                                 SECTION "J" (2)

## REPORT AND RECOMMENDATION

Plaintiff, James Ormond, is a prisoner currently incarcerated in the Louisiana State Penitentiary in Angola, Louisiana. He filed this complaint pro se and in forma pauperis in the United States District Court for the Middle District of Louisiana pursuant to 42 U.S.C. § 1983 against Jefferson Parish 24th Judicial District Court Judge Martha E. Sassone, the District Attorney for Jefferson Parish, the 24th JDC District Attorney's Office, the State of Louisiana Attorney General and the Office of the State of Louisiana Attorney General. Plaintiff alleges that Judge Sassone imposed an illegal sentence upon him in Case No. 95-6288 and misplaced or mishandled his "APCR" (application for post conviction relief). He seeks damages and other relief. Plaintiff's complaint was transferred to this court from the Middle District on November 8, 2007. Record Doc. Nos. 1 and 2 (Transfer Order and Complaint at ¶ IV and V).

Specifically, plaintiff states in his complaint:  "I stand to show Judge Martha E. Sassone who is employed by the District Attorney of Jefferson Parish who is employed by the Louisiana Attorney General covered up evidence supporting petitioner's claim of an illegal sentence by her.  I have evidence she knew she was breaking the law prior to handing down the sentence in Case No. 95-6288 and that she hid petitioner's APCR because it would expose her actions."  Plaintiff asserts that "I can prove [Judge Sassone] gave me an illegal sentence because it was 'uncompletable (sic).'  I filed a UAPCR (Uniform Application for Post Conviction Relief) to recall the plea of guilty for that reason.  It disappeared (?) and I was made to serve the whole illegal sentence and was then multibilled with that plea in a subsequent trial conviction . . . ."  Id. (Complaint at ¶ IV.)

Plaintiff further asserts that even though he complained that his application was not being ruled upon, Judge "Sassone said 'I never filed one,' but it showed up in another dept., at the courthouse dated and time stamped by the clerk, proving it was timely and properly filed in her courtroom.  I have evidence that indicates she hid it herself and . . . even after it showed up, she refuses to acknowledge it, so she effectively denied me access to court, committed judicial misconduct and hid evidence among other things."  Id.

In his prayer for relief, plaintiff states that he is "sueing (sic) for recovery of loss and sanction[s] against Judge Martha E. Sassone."  Id. at ¶ V.

## ANALYSIS

I.    STANDARDS OF REVIEW

A prisoner's pro se complaint for alleged civil rights violations must be screened by the court as soon as practicable after docketing, regardless whether it has also been filed in forma pauperis.  28 U.S.C. § 1915A(a); Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998).  Such complaints by prisoners must be dismissed upon review if they are frivolous or fail to state a claim.  28 U.S.C. § 1915A(b)(1).

"A federal court may dismiss a claim in forma pauperis 'if satisfied that the action is frivolous or malicious.'"  Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994) (quoting former 28 U.S.C. § 1915(d), now incorporated in 28 U.S.C. § 1915(e), as amended).  A complaint is frivolous "if it lacks an arguable basis in law or fact."  Davis v. Scott, 157 F.3d 1003, 1005 (5th Cir. 1998); Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994).  The law "'accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.'"  Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

"'A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist.'" Davis, 157 F.3d at 1005 (quoting McCormick v. Stalder, 105 F.3d 1059, 1061 (5th Cir. 1997)).  "When a complaint raises an arguable question of law which the district court ultimately finds is correctly resolved against the plaintiff, dismissal under Rule 12(b)(6) is appropriate; however, dismissal under the section 1915(d) standard is not." Moore v. Mabus, 976 F.2d 268, 269 (5th Cir. 1992).  An in forma pauperis complaint which is legally frivolous, fails to state a claim or seeks monetary relief against a defendant who is immune from such relief may be dismissed sua sponte at any time under 28 U.S.C. § 1915(e)(2).

In this case, plaintiff's complaint may be dismissed under 28 U.S.C. § 1915(e) as frivolous because it lacks an arguable basis in law or under Rule 12(b)(6) because it fails to state a cognizable Section 1983 claim under the broadest reading.[1]  In addition, the habeas corpus aspects of plaintiff's claims must be dismissed without prejudice because plaintiff has brought the claims in the wrong proceeding and has not exhausted his state court remedies.

---

[1]Pro se civil rights complaints must be broadly construed, Moore, 30 F.3d at 620, and I have broadly construed the complaint in this case.

II.   SECTION 1983 CLAIMS

A.   JUDICIAL IMMUNITY

Plaintiff's claims against Judge Sassone are barred by judicial immunity.  For more than one hundred years, judges have been held immune from liability for judicial acts done within their jurisdiction.  Stump v. Sparkman, 435 U.S. 349, 356 (1978) (citing Bradley v. Fisher, 80 U.S. 335 (1871)); Mays v. Sudderth, 97 F.3d 107, 110 (5th Cir. 1996).  "A judge, of whatever status in the judicial hierarchy, is immune from suit for damages resulting from any acts performed in [his or her] judicial role."  Ammons v. Baldwin, 705 F.2d 1445, 1447 (5th Cir. 1983) (citations omitted); accord Mays, 97 F.3d at 110-11.  This judicial immunity applies even if a judge is accused of acting maliciously or corruptly.  Stump, 435 U.S. at 356-57; Pierson v. Ray, 386 U.S. 547, 554 (1967), overruled in part on other grounds by Harlow v. Fitzgerald, 457 U.S. 800 (1982), as recognized by Hill v. Shelander, 992 F.2d 714, 716 (7th Cir. 1993); Mays, 97 F.3d at 110-11.  Judicial officers are absolutely immune from liability for damages unless they are without jurisdiction.  Id. at 111; Dayse v. Schuldt, 894 F.2d 170, 172 (5th Cir. 1990); Freeze v. Griffith, 849 F.2d 172, 175 (5th Cir. 1988).

In the past, however, judicial officers did not enjoy absolute immunity from suits seeking injunctive relief.  Relief of that nature was available under Section 1983 against state court judges acting in their judicial capacity.  Pulliam v. Allen, 466 U.S. 522, 541-

5

42 (1984).  However, the Federal Courts Improvement Act of 1996 ("FCIA") amended Section 1983 to provide that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief is unavailable."  42 U.S.C. § 1983.

The FCIA therefore statutorily overruled Pulliam's holding regarding the availability of injunctive relief against a state judge in his official capacity.  Guerin v. Higgins, No. 00-0244, 2001 WL 363486, at *1 (2d Cir. 2001) (unpublished); Nollet v. Justices, 83 F. Supp. 2d 204, 210 (D. Mass. 2000); see also Bolin v. Story, 225 F.3d 1234, 1242 (11th Cir. 2000) (the 1996 amendment to Section 1983 would limit the relief available from a judge to declaratory relief).  Injunctive relief is not available to Ormond in this Section 1983 action against Judge Sassone.  See Tesmer v. Granholm, 114 F. Supp. 2d 603, 618 (E.D. Mich. 2000); Nollet, 83 F. Supp. 2d at 210.

Furthermore, to whatever extent, if any, that Ormond seeks an order of this court directing Judge Sassone to take some action concerning Ormond's state court proceedings, a federal court has no power to direct a state court or its judicial officers in the performance of their duties when mandamus is the only relief sought.  In re Campbell, 264 F.3d 730, 731 (7th Cir. 2001); Santee v. Quinlan, 115 F.3d 355, 356-57 (5th Cir. 1997); Russell v. Knight, 488 F.2d 96, 97 (5th Cir. 1973); Moye v. Clerk, 474

6

F.2d 1275, 1276 (5th Cir. 1973); Lamar v. 118th Judicial Dist. Court, 440 F.2d 383, 384 (5th Cir. 1971); White v. Stricklin, No. 3:02-CV-688-D, 2002 WL 1125747, at *2 (N.D. Tex. May 23, 2002) (Fitzwater, J.); Norman v. Louisiana S. Ct., No. 01-2225, 2001 WL 881298, at *1 (E.D. La. Aug. 3, 2001) (Duval, J.).  This court is without authority to order officials of the state court in which plaintiff's case is pending to treat his claims in any particular way or to otherwise interfere with the rulings of its judges.

To whatever extent, if any, that Ormond seeks declaratory and injunctive relief against Judge Sassone and the other defendants, his claims against Judge Sassone are within the scope of the judge's role as a judicial officer and therefore within his jurisdiction. Consequently, the doctrine of absolute judicial immunity bars Ormond's suit for injunctive relief against Judge Sassone.  To the extent Ormond seeks declaratory relief against Judge Sassone regarding the validity of his detention, that relief must be sought through petition for writ of habeas corpus and not under Section 1983, as is addressed later in this report.  For these reasons, all of Ormond's claims against Judge Sassone must be dismissed as legally frivolous or for failure to state a claim for which relief can be granted.

B.    PROSECUTORIAL IMMUNITY

Ormond has also sued the District Attorney of Jefferson Parish and the Attorney General of the State of Louisiana.  To the extent that he may be asserting claims against the Jefferson Parish District Attorney and the Attorney General in their individual capacities, they are immune from suit.

The Attorney General and the Jefferson Parish District Attorney have been named as defendants in this case based solely upon their actions as prosecutors in connection with state court criminal proceedings brought against Ormond.  However, they are immune from suit for damages in their individual capacities.

Courts employ a "functional" test to determine whether officials are entitled to absolute immunity, in which they look to the "nature of the function performed, not the identity of the actor who performed it."  Forrester v. White, 484 U.S. 219, 227-29 (1988); Hulsey v. Owens, 63 F.3d 354, 356 (5th Cir. 1995).  It is well established that prosecutors are immune from liability under Section 1983 for actions taken as an advocate in pursuit of a criminal prosecution.  Cleavinger v. Saxner, 474 U.S. 193, 200 (1985); Spivey v. Robertson, 197 F.3d 772, 775 (5th Cir. 1999); Graves v. Hampton, 1 F.3d 315, 318 (5th Cir. 1993), abrogated in part on other grounds by Arvie v. Broussard, 42 F.3d 249, 250 (5th Cir. 1994).  This immunity applies to a prosecutor's actions "in initiating prosecution

and in carrying the case through the judicial process."   Id.; accord Buckley v. Fitzsimmons, 509 U.S. 259, 270, 272 (1993).

Thus, "[a] prosecutor enjoys absolute immunity from personal liability for damages under section 1983 for actions 'initiating a prosecution and . . . presenting the State's case' and those 'intimately associated with the judicial phase of the criminal process.'"   Esteves v. Brock, 106 F.3d 674, 676 (5th Cir. 1997) (quoting Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976)).  "A prosecutor's absolute immunity will not be stripped because of action that was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction."  Kerr v. Lyford, 171 F.3d 330, 337 & n.10 (5th Cir. 1999) (quotations omitted) (citing Stump, 435 U.S. at 356-57; Butz v. Economou, 438 U.S. 478, 510 (1978)).

However, while prosecutors enjoy absolute immunity from damages liability, they are not immune from Section 1983 suits seeking injunctive relief.  Supreme Ct. of Va. v. Consumers Union of U.S., Inc., 446 U.S. 719, 736-37 (1980) (citing Gerstein v. Pugh, 420 U.S. 103 (1975)).  Ormond does not appear to seek anything but monetary damages.

To the extent that plaintiff might be seeking declaratory and/or injunctive relief to obtain his release from jail, the prosecutor is not immune from the declaratory and injunctive relief suit.  However, plaintiff's claims against the attorney general and district

9

attorney are subject to dismissal with prejudice as legally frivolous or for failure to state

a claim for which relief can be granted under <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994),

as discussed below, without prejudice to his ability to pursue his relief in the appropriate

habeas corpus petition as is further addressed later in this opinion.

C.      <u>THE DEFENDANT ENTITIES ARE NOT PROPER DEFENDANTS</u>

        Section 1983 claims may be asserted only against "persons" as the statute and case

law define that term.  The Office of the District Attorney of Jefferson Parish and the

Office of the State of Louisiana Attorney General are not entities that can be sued under

Section 1983 because they are not juridical entities under state law capable of being sued

and/or because they are not persons for purposes of suit under Section 1983.

        The Jefferson Parish District Attorney's Office and the Office of the State of

Louisiana Attorney General are not entities that can be sued under Louisiana law, nor are

they persons capable of being sued under 42 U.S.C. § 1983.  <u>Burge v. Parish of St.</u>

<u>Tammany</u>, No. 91-2321, 1997 WL 10243, at *8 (E.D. La. Jan. 8, 1997), <u>aff'd in part</u>, 187

F.3d 452 (5th Cir. 1999); <u>cf.</u> <u>Steed v. Delohery</u>, No. 96 Civ. 2449(RPP), 1998 WL

440861, *1 (S.D.N.Y. Aug. 4, 1998) (under New York law, county district attorney's

office is not a legal entity capable of suing or being sued); <u>Jacobs v. Port Neches Police</u>

<u>Dep't</u>, 915 F. Supp. 842, 844 (E.D. Tex. 1996) (same under Texas law).

Accordingly, Ormond's claims against the Office of the District Attorney of Jefferson Parish and the Office of the State of Louisiana Attorney General must be dismissed.

D.     HECK APPLICATION TO SECTION 1983 CLAIMS

Read broadly, Ormond's complaint may be seeking declaratory and injunctive relief as to his claims.  In either case, his claims must be dismissed at this time.  In Heck, the United States Supreme Court held that a civil action for alleged civil rights violations that attacks the validity of state confinement, which has not been reversed, expunged, invalidated, or called into question by a federal court's issuance of a writ of habeas corpus, is not cognizable under Section 1983.

> [T]o recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.  Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Id. at 486-87 (emphasis in original) (footnote omitted).  Although the Supreme Court's decision in Heck concerned a civil action for monetary damages, the United States Court of Appeals for the Fifth Circuit has also applied Heck in cases in which the plaintiff seeks injunctive relief.  Clarke v. Stalder, 154 F.3d 186, 189 (5th Cir. 1998) (en banc) (citing Edwards v. Balisok, 520 U.S. 641, 117 S. Ct. 1584 (1997)).

Plaintiff's claims are clearly connected to the validity of his present confinement. Heck, 512 U.S. at 479; Hamilton v. Lyons, 74 F.3d 99, 103 (5th Cir. 1997); Boyd v. Biggers, 31 F.3d 279, 283 (5th Cir. 1994).  Ormond's written submissions indicate that he was sentenced by Judge Sassone and, at the time of filing this complaint, was in custody in the Louisiana State Penitentiary in Angola, Louisiana.  Record Doc. No. 1, Complaint at ¶¶ III(a) and IV.  His sentence has not been set aside in any of the ways described in Heck.  Thus, any claims for relief that plaintiff asserts attacking his continued confinement are premature and must be dismissed.  As the Fifth Circuit has noted, the dismissal of plaintiff's Section 1983 claims is with prejudice to their being asserted again until the Heck conditions are met.  Johnson v. McElveen, 101 F.3d 423, 424 (5th Cir. 1996).

III.    HABEAS CORPUS CLAIMS

As noted above, Ormond's complaint in part challenges the very fact and duration of his confinement.  Although his suit is styled as a civil rights action under 42 U.S.C. § 1983 and filed on a form normally reserved for Section 1983 complaints, he clearly challenges the validity of his confinement and may be seeking his release.  This Section 1983 complaint is not the proper action in which to assert these habeas corpus claims.

A prisoner who challenges the very fact or duration of his physical confinement and who seeks judgment that would entitle him to release must pursue habeas corpus relief rather than civil rights relief under Section 1983.  Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); Clarke v. Stalder, 121 F.3d 222, 226 (5th Cir.), reh'g en banc granted & opin. vacated, 133 F.3d 940 (5th Cir. 1997), rev'd in part on other grounds & opin. reinstated in relevant part, 154 F.3d 186, 187 (5th Cir. 1998) (en banc); Caldwell v. Line, 679 F.2d 494, 496 (5th Cir. 1982).  Thus, although Ormond filed his complaint on a form reserved for Section 1983 complaints, his claims invoke habeas corpus type relief because he challenges the fact of his confinement.  Clarke, 121 F.3d at 226; Hernandez v. Spencer, 780 F.2d 504, 504 (5th Cir. 1986).

A fundamental prerequisite to federal habeas relief is the exhaustion of all claims in state court before requesting federal collateral relief.  Whitehead v. Johnson, 157 F.3d 384, 387 (5th Cir. 1998) (citing Rose v. Lundy, 455 U.S. 509, 519-20 (1982)); Nobles

13

v. Johnson, 127 F.3d 409, 419 (5th Cir. 1997).  "A federal habeas petition should be dismissed if state remedies have not been exhausted as to all of the federal court claims." Whitehead, 157 F.3d at 387 (citing 28 U.S.C. § 2254(b)(1)(A); Rose, 455 U.S. at 519-20)).

"The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court."  Id. (citing Picard v. Connor, 404 U.S. 270, 275-78 (1971)).  "A federal court claim must be the 'substantial equivalent' of one presented to the state courts if it is to satisfy the 'fairly presented' requirement. . . . This requirement is not satisfied if the petitioner presents new legal theories or new factual claims in his federal application."  Id. (citing Picard, 404 U.S. at 275-78; Nobles, 127 F.3d at 420).  A court may notice sua sponte the lack of exhaustion.  McGee v. Estelle, 722 F.2d 1206, 1214 (5th Cir. 1984) (en banc).

In the present case, Ormond does not allege whether he has exhausted his state court remedies.  Although on the first page of his complaint, Ormond indicates that he has not begun any other civil lawsuits in state or federal court dealing with the same facts involved in this action, Record Doc. No. 1, at p.1, ¶ I(a), independent research by staff of the undersigned magistrate judge indicates that Ormond has recently raised some claims in the Louisiana Supreme Court.  In State ex rel. Ormond v. State, 957 So.2d 166 (La. June 1, 2007), the Louisiana Supreme Court denied Ormond's application for

14

supervisory and/or remedial writs as time-barred.  In addition, in <u>State ex rel. Ormond v. State</u>, 902 So.2d 1043 (La. May 20, 2005), the Louisiana Supreme Court denied Ormond's previous application for supervisory and/or remedial writs.  Neither the reported decisions of the Louisiana Supreme Court nor the record currently before this court are sufficient to determine whether Ormond has exhausted his state remedies.

Accordingly, plaintiff's claims seeking habeas corpus relief should be dismissed without prejudice to allow him to return to this court with a properly filed habeas corpus petition, if appropriate and if he has in fact exhausted all available state court remedies.

### **<u>RECOMMENDATION</u>**

For all of the foregoing reasons, **IT IS RECOMMENDED** that plaintiff's complaint asserting claims pursuant to 42 U.S.C. § 1983 be **DISMISSED WITH PREJUDICE**, either as legally frivolous, for failure to state a claim on which relief may be granted under 28 U.S.C. § 1915(e)(2), or under <u>Heck</u>.

**IT IS FURTHER RECOMMENDED** that any habeas corpus claims asserted in this Section 1983 complaint be **DISMISSED WITHOUT PREJUDICE** to plaintiff's ability to file a proper habeas corpus proceeding after exhaustion of state court remedies.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within ten (10)

days after being served with a copy shall bar that party, except upon grounds of plain

error, from attacking on appeal the unobjected-to proposed factual findings and legal

conclusions accepted by the district court, provided that the party has been served with

notice that such consequences will result from a failure to object.  Douglass v. United

Servs. Auto Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this ____7th____ day of March, 2008.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE